UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA        **MEMORANDUM & ORDER**
                                09-CR-441    (DRH)
-against-                       15-CV-6194

THOMAS J. CAREY, JR.

                Defendant.
------------------------------------------------------X

**HURLEY, Senior District Judge:**

Defendant Thomas J. Carey ("Defendant"), proceeding pro se moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence arising from a 2015 conviction. Having considered all of Defendant's arguments, the motion is DENIED.

## BACKGROUND

In an indictment filed on July 2, 2009, Defendant was charged with six counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251 and one count of distribution of child pornography in violation of 18 U.S.C. § 2252.

On September 29, 2011, Defendant pled guilty before Magistrate Judge William Wall to six counts of sexual exploitation of child without a plea agreement. During that plea, Defendant confirmed that in the past 24 hours he had not taken any narcotic drugs, medicines or pills or drunk any alcoholic beverage, that his mind was clear and that he was sure he wanted to take a plea. (DE 52 at 7.) He further confirmed he understood the rights he was waiving and that no promises were made to him causing him to plead guilty. The applicable statutory scheme was explained to him and he confirmed that he understood it. (*Id.* at 7-15.) He properly allocated.

Defendant's sentencing hearing was held on October 24, 2014. At that hearing Carey stated that he was "Absolutely" satisfied with his legal representation. (DE 77 at 3.) In addressing the advisory guideline range, the government took the position that Defendant was not entitled to a reduction for acceptance of responsibility because of four years of nonacceptance of responsibility culminating in a post-conviction letter that defendant wrote to his victim. Defense counsel forcefully argued that the letter was not an act inconsistent with his acceptance of responsibility when he pled guilty. (*Id.* at 18.) The Court agreed Defendant was entitled to acceptance of responsibility. After fully hearing the parties, the Court sentenced Defendant (below the advisory guideline range) to 300 months on each count, with that time to run concurrently, and the sentence to run concurrently to the sentence imposed in a specified state action. In addition to the period of incarceration, lifetime supervised release was imposed.

A timely notice of appeal was filed. By mandate issued on August 20, 215, the Second Circuit granted both defense counsel's motion for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967) and the government's motion for summary affirmance.

On October 23, 2015 Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He asserts as the basis for his motion (1) ineffective assistance of counsel for failure to investigate and challenge a search warrant; (2) his sentence was substantively unreasonable; (3) "factual [sic – the Court assumes is should read "actual"] innocence; (4) his letter should have been suppressed, and (5) a *Brady* violation. He also seeks dismissal of the state conviction.[1]

---

[1] Carey pled guilty in state court to 2 counts of Predatory Sexual Assault Against a Child, 1 count of Criminal Sexual Act in the First Degree, 1 count of Sexual Abuse in the First Degree, 1 count of Course of Sexual Conduct Against a Child in the First Degree, 3 counts of use of a Child in a Sexual Performance and 2 counts of Endangering the Welfare of a Child.

The matter has been fully briefed and is now ripe for disposition.[2]

## DISCUSSION

A federal prisoner may challenge his sentence if it was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

**I.      Standards**

**A.      Bar on Raising Issues That Were or Could Have Been Raised on Appeal**

It is well settled that a § 2255 petition is not a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011). A federal prisoner cannot use a § 2255 petition to litigate questions that could have been raised on direct appeal but were not. *Sapia v. United States*, 433 F.3d 212, 217 (2d Cir. 2005). "An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *United States v. Thorn*, 659 F.3d 227, 331 (2d Cir. 2011). This procedural bar "does not generally apply to claims of ineffective assistance of counsel." *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007); *accord Tavarez v. Larkin*, 814 F.3d 644, 650 (2d Cir. 2016).

**B.      Ineffective Assistance of Counsel**

The Sixth Amendment assures criminal defendants the right to effective assistance of counsel, thus ineffective assistance is a constitutional basis for relief under § 2255. *See Morales v. United States*, 635 F.3d 39, 43 (2d Cir. 2011). Demonstrating ineffective assistance of counsel requires the Petitioner to satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must first demonstrate that his counsel's

---

[2] By letter dated April 17, 2017, Defendant requested that his motion be held in abeyance, which application was granted. (*See* DE 92, 93.) By correspondence filed February 5, 2018, Defendant requested that the matter be returned to active status.

assistance fell below an objective standard of reasonableness. 466 U.S. at 687-88. Mindful of a wide range of reasonableness, the standard is measured under prevailing professional norms. *Id*. at 687-688. Counsel have basic duties under *Strickland*, however these duties are not part of a checklist, and the court must engage in a deferential analysis of the totality of the circumstances. *Id*. at 688. The petitioner must overcome a "strong presumption" of reasonableness. *Id*. at 689. The *Strickland* test also applies when petitioners accept plea agreements instead of going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 5 8-59 (1985).

The petitioner must also show that his counsel's inadequate assistance prejudiced the defense. *Strickland*, 466 U.S. at 687. To prove prejudice, the petitioner must show that there is a reasonable probability that, but for his counsel's performance, the result of the proceeding would have been different. *Id*. at 694. "Reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Id*. When challenging a plea agreement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

## II.    Application to the Present Case

### A.    Effect of Carey's Guilty Plea

"[A] Defendant's plea of guilty admits all the elements of a formal criminal charge and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction." *United States v. Yousef*, 750 F.3d 254, 258 (2d Cir. 2014). The record in this case demonstrates that Defendant made a free and intelligent choice to plead guilty and thus waived his right to challenge the search of his home. *See United States v. Arango*, 966 F.2d 64, 66 (2d Cir. 1992) (rejecting claim that sentence should

be vacated pursuant to § 2255 as "[b]y pleading guilty [he] waived his right to object to the constitutionality of the search . . . .").

      B.      **The Claims Regarding Sentencing are Waived and without Merit.**

As the government correctly argues in its brief, Defendant's "claims regarding sentencing are waived because the *Anders* brief filed [in this case], directly addressed the reasonableness of his sentence" and "[a]s such the Court of Appeals has already reviewed on this basis." (Gov't's Opp. (DE 84) at 3 (citing *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988).) *See also United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010) (In undertaking a motion for summary affirmance in a criminal appeal, the Government assumes a heavy burden, for "[t]he unique importance of criminal appeals makes the decision to characterize one as frivolous particularly perilous.")

Additionally, Defendant cannot meet the actual innocence portion of the test required for collateral review of an issue not raised on appeal. Defendant admitted under oath that he "took pictures of [himself] and a minor engaged in sexually explicit conduct." (Doc. 52 at 19-20.) He has not overcome the "strong presumption of verity" of his statement under oath during his allocution. *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013); *see also United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (per curiam). Additionally, based on the Court's review of photographs at sentencing, any claim of actual innocence is rejected.

Finally, his claim that the sentence was substantively unreasonable is without merit. The first basis for this assertion is that the Court assumed he was a pedophile. In view of his plea allocution, the contents of the letters he wrote to the victim and the victim's family and the pictures submitted to the Court, any such assumption is fully supported. He also asserts that the Court's assumption that he would commit similar acts in the future was without any evidence.

His letters to the 8 year old victim flatly contradict his assertion. Lastly, his claim of substantive unreasonable is based on the Court's consideration of the letters he wrote to his victim without affording him a hearing to explain the context of these letters. He does not set forth the information that he maintains would correct the "misimpression." Moreover, Carey was given an opportunity at sentencing to address the Court and did not take that opportunity to correct the alleged "misconceptions." (*See* DE 77 at 40-41.)

C. The Claim of Ineffective Assistance is Without Merit

Defendant has not satisfied either prong of the two-part *Strickland* test. First he has not shown counsel was ineffective. His claim is premised on counsel's alleged failure to investigate and challenge the search warrants.

The duty to reasonably investigate does not "compel counsel to investigate comprehensively every lead or possible defense or to scour the globe on the off-chance something will turn up." *Greiner v. Wells*, 417 F.3d 305, 321 (2d Cir. 2005) (citations and quotation marks omitted). Here, counsel's affidavit demonstrates that he considered and rejected Defendant's assertions regarding the search warrants. (*See* DE 86 at ¶ 27-29.) Moreover, Defendant fails to present any cogent argument to support suppression. He fails to set forth deliberate falsehoods and offers no proof to support his claim that a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154, 171-72 (1978) should have been requested. Finally, having reviewed the affidavit that formed the basis for the warrants, the Court discerns no basis for suppression based on Defendant's current assertions.

Nor can Defendant demonstrate prejudice as he waived any challenge to the warrants by his guilty plea.

### D. Suppression of His Letter to the Child Victim

During sentencing, letters written by defendant to the child victim and his family were brought to the Court's attention. Defendant's assertion regarding those letters is initially couched as they "should have been suppressed." Later on in his papers, however, he claims he should have been given a hearing to explain "misimpressions" left by those letters.

First, as noted earlier, any claims regarding sentencing are barred, Defendant does not specify what he would have presented at such a hearing to correct the alleged misimpressions, and he was given an opportunity to address the Court but did not attempt to correct any "misimpressions." Lastly, to the extent he still claims the letters should have been suppressed, the Court perceives no basis for doing so.

### E. Brady Violation

Defendant submits no support for his assertion of a *Brady* violation. In fact, he admits that he cannot establish it. (DE 78 at 4.) The Court agrees.

## CONCLUSION

For the reasons set forth above, defendant's motion pursuant to 28 U.S.C. § 2255 is denied. Pursuant to Fed. R. App. 22(b) and 28 U.S.C. § 2253(c)(2) a certificate of appealability is denied as Defendant has not made a substantial showing of a denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Clerk of Court is directed to mail a copy of this Order to Defendant.

**SO ORDERED.**

Dated: Central Islip, New York  
      September 28, 2018

     s/ Denis R. Hurley  
Denis R. Hurley  
United States District Judge