UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
           For Online Publication Only
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                 **MEMORANDUM & ORDER**
                                 09-cr-441-JMA

         -against-

THOMAS J. CAREY, JR.,

FILED
CLERK

4/14/2026 2:46 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

                      Defendant.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Before the Court is a motion for compassionate release filed by defendant Thomas J. Carey, Jr. ("Defendant").  (ECF No. 120 ("Mot").)  For the reasons set forth below, the Court DENIES Defendant's motion.

## I.      BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this matter, and only repeats here those facts relevant to the present motion.

In an indictment filed on July 2, 2009, Defendant was charged with six counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251 and one count of distribution of child pornography in violation of 18 U.S.C. § 2252.  (See ECF No. 7.)  According to the Presentence Report, over a two-year period, Defendant engaged in sexual activity with a young boy and filmed it, starting when the boy was eight and continuing until he was ten.  Law enforcement discovered at least 161 images of the victim on Defendant's devices, including images of Defendant anally penetrating the victim. (Presentence Investigation Report, ECF No. 116 ("PSR") ¶¶ 15–16, 21.)

On August 18, 2011, Defendant pleaded guilty before Magistrate Judge William Wall to six counts of sexual exploitation of a child without a plea agreement.  (See ECF No. 49; ECF No. 52 ("Plea Tr.").)  Defendant's sentencing hearing was held before Judge Hurley on October 24,

2014.  (See ECF No. 71; ECF No. 77 ("Sentencing Tr.").)   Judge Hurley sentenced Defendant to a below-Guidelines term of 25 years concurrently on each count of conviction to be followed by a lifetime of supervised release.  (See ECF No. 71.)  Defendant has been in custody since his arrest on June 11, 2009 and has a projected release date of October 26, 2030.  (Fed. Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Apr. 10, 2026).)

On October 23, 2015, Defendant filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing, among other things, that his lawyer was ineffective; his sentence was substantively unreasonable; and that he was actually innocent.  (See ECF No. 78.)  On September 28, 2018, Judge Hurley denied Defendant's motion.  (See ECF No. 95.) [1]

On March 20, 2025, Defendant, proceeding pro se, moved this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 120; see also ECF No 125.)[2] Defendant argues that extraordinary and compelling circumstances warrant a reduction in his 25-year sentence, namely: (1) his rehabilitation and accomplishments in prison; (2) conditions of confinement; (3) health issues; and (4) "unjust sentence."  (Mot. at 16–39.)  The government opposes his motion. (ECF No. 121.)   On November 3, 2025, Defendant filed another letter reiterating his request for release.  (ECF No. 122.)

## II.    LEGAL STANDARDS

Unless an exception applies, a "court may not modify a term of imprisonment once it has been imposed." United States v. Pinto-Thomaz, No. 18-cr-579, 2020 WL 1845875, at *2 (S.D.N.Y. Apr. 13, 2020) (quoting 18 U.S.C. § 3582(c)).  The First Step Act, which modified 18 U.S.C. §

---

[1] On October 11, 2024, the case was reassigned to the undersigned.

[2] Defendant initially moved for a sentence reduction on October 9, 2024, see ECF No. 110, but the Court permitted him to withdraw his motion on March 4, 2025, and he filed the instant motion on March 20, 2025, see ECF No. 120. On March 9, 2026, Defendant filed a "motion to compel" requesting "a copy of all of my post-release conditions as set by Judge Hurley." (See ECF No. 123.)  The Court directs Defendant to ECF No. 75 for the corrected judgment, which sets forth the conditions of supervised release imposed at sentencing.

3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute provides courts with discretion to grant compassionate release when there are (1) "extraordinary and compelling reasons" that warrant a sentence reduction, (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the sentence reduction "is supported by the factors set forth in 18 U.S.C. § 3553(a)." United States v. Canales, No. 16-cr-0212, 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, No. 19-cr-3218, 2020 WL 5739712, at *7 (2d. Cir. Sept. 25, 2020) (finding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the BOP], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling."); see also Simon v. United States, No. 07-CR-474, 2020 WL 5764322, at *2-3 (S.D.N.Y. Sept. 28, 2020) (quoting Brooker, 2020 WL 5739712, at *7).

Even if extraordinary and compelling reasons exist, a "court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would

3

otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-cr-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020); see also Simon, 2020 WL 5764322, at *3.

Because Defendant is proceeding pro se, the Court construes his submissions "liberally and interpret[s] them 'to raise the strongest arguments they suggest.'" Rahmankulov v. United States, 2023 WL 3303949, at *1 (S.D.N.Y. May 8, 2023) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)) (internal quotation marks and citations omitted).

### III.   DISCUSSION

#### A. Exhaustion

The parties do not dispute that Defendant has exhausted his administrative remedies.

#### B. Extraordinary and Compelling Reasons for Release

Defendant bears "the burden of showing that 'extraordinary and compelling reasons' to reduce his sentence exist." United States v. Gotti, No. 02-cr-743-07, 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020).

Construed liberally, Defendant's motion argues that a sentence reduction is warranted because the following circumstances, in his view, amount to extraordinary and compelling reasons: (1) his "rebirth" and rehabilitation, Mot. at 16–26; (2) conditions of confinement, id. at 26–29; (3) health issues, id. at 29–31; and (4) what he calls his "unjust sentence," id. at 32–39. (Mot. at 16–39.) These grounds fail to constitute extraordinary and compelling reasons that warrant a sentence reduction.

First, Defendant offers several factors in support of his rehabilitation, arguing that he has taken meaningful steps to better himself while incarcerated by enrolling in educational, vocational, and drug treatment programs, and by developing computer-based analytical models and tools that he intends to continue advancing upon his reentry. These actions are commendable. However, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling

reason" for sentence reduction.   28 U.S.C. § 994(t); see also U.S.S.G. § 1B1.13(d); United States v. Stillwell, No. 13-cr-0521, 2026 WL 276018, at *5 (S.D.N.Y. Feb. 3, 2026) (explaining that "[a] productive institutional record while incarcerated is what is expected and is not a basis for a sentence reduction").  Given the Court's finding that Defendant's other arguments do not constitute extraordinary and compelling reasons, "even evidence of complete rehabilitation cannot suffice." United States v. Raposo, No. 98-cr-185, 2024 WL 165195, at *9 (S.D.N.Y. Jan. 16, 2024), appeal dismissed, No. 24-277, 2024 WL 5380269 (2d Cir. July 26, 2024).

Second, as to his conditions of confinement, Defendant has not presented any specific circumstances of his conditions at FCI Loretto that merit a finding of extraordinary and compelling circumstances.  Defendant alleges that his incarceration during the COVID-19 pandemic is an extraordinary and compelling circumstance, both because of the risk of contracting COVID-19 and of the harsh and restrictive conditions imposed during pandemic lockdowns.  (See Mot. at 26–29.)  However, "[a]s an initial matter, in considering the COVID-19 situation in BOP facilities, one must recognize that the COVID-19 Public Health Emergency ended on May 11, 2023." United States v. Moss, No. 14-cr-0147, 2024 WL 3718909, at *4 (E.D.N.Y. Aug. 7, 2024).  Moreover, Defendant does not point to anything to suggest his conditions were extraordinary or any different from those of other inmates.  See id. at *5 ("Standing alone, the harshness of conditions Defendant faced during the Pandemic were the same as those endured by his fellow inmates; in that sense, they were not extraordinary.").  Defendant also argues that his period of incarceration at GEO Queens, which has since been shut, constitutes an extraordinary and compelling circumstance. (See Mot. at 29.)  However, similarly, Defendant has not shown that his conditions of confinement at GEO Queens were so atypical or severe as to warrant a sentence reduction.  See, e.g., United States v. Santana, No. 12-cr-790, 2023 WL 2625790, at *4 (S.D.N.Y. Mar. 24, 2023) ("[G]eneralized statements about prison conditions untethered to compelling specifics of the

defendant's particular circumstances do not make the defendant's conditions 'extraordinary and compelling.'").

Third, Defendant's health issues also do not warrant a reduction in his sentence. Defendant contends that he suffers from acid reflux ("GERD"), kidney stones, osteoarthritis, and Peyronie's disease, and also notes that he has twice contracted COVID-19 and that he "lives in fear of developing any cancers." (Mot. at 29–31.) He further argues that he is unable to get the care he needs for his GERD and osteoarthritis from the BOP, and that the prison diet makes it difficult for him to manage his kidney stones. However, "[e]ven assuming [Defendant's] conditions require long-term or specialized care, the presence of a health condition requiring long-term or specialized care does not by itself establish an extraordinary and compelling circumstance warranting a sentence reduction." United States v. Radulescu, No. 19-cr-651, 2024 WL 4200388, at *1 (S.D.N.Y. Sept. 16, 2024), reconsideration denied, No. 19-cr-651, 2024 WL 5220421 (S.D.N.Y. Dec. 26, 2024). Moreover, Defendant has failed to show that he requires "long-term or specialized medical care that is not being provided." U.S.S.G. § 1B1.13(b)(1)(C). By Defendant's own admission, he is receiving medication for his GERD and has been evaluated for kidney stones on multiple instances. (See Mot at 29, 31.)

Finally, defendant's allegedly "unjust sentence" is not a factor warranting release. Defendant repeats arguments raised in his prior motion pursuant to 28 U.S.C. § 2255 (which Judge Hurley denied), asserting that the search warrant for his devices was deficient and that law enforcement never recovered child pornography. (See Mot. at 32–39; cf. ECF No. 78, ECF No. 95.) As Defendant acknowledges, to the extent he argues that his sentence is illegal, such claims must be raised in a § 2255 motion, which he already pursued. (See Mot. at 32). Defendant's claims were previously litigated and rejected, and they do not constitute an extraordinary and compelling

6

basis for relief here.[3]  See, e.g., United States v. Griffin, No. 07-cr-0374, 2023 WL 4208673, at *2 (E.D. Pa. June 27, 2023) (finding that arguments contesting the validity and length of a defendant's sentence do not warrant compassionate release under Section 3582, as "the appropriate vehicle for doing so is a [Section] 2255 motion") (citation omitted).

C. **Consideration of Section 3553(a) Sentencing Factors**

Even if Defendant had established extraordinary and compelling reasons warranting his release, which he has not, the Section 3553(a) factors weigh against a sentence reduction.[4] Defendant was sentenced to a below-Guidelines term of 25 years.  Granting his motion would mean that Defendant would be released over 4 years prior to his projected release date and would create an unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.  A reduction of the Court's original sentence would also fail to reflect the seriousness of the offenses Defendant committed and would not provide a just punishment for his conduct.  It would also undermine the Court's attempt to use the sentence to

---

[3] Defendant argues that purported issues with his conviction and sentence present an "extraordinary and compelling circumstance" under United States v. Solomon, No. 3:14-cr-00340, 2023 WL 2920945 (N.D. Tex. Apr. 11, 2023) (See Mot. at 32.)  That case involved an intervening "watershed change[]" in sentencing law concerning crimes of violence and is inapposite here.  See id. at *3.  Defendant does not identify any intervening change in law or development that would support compassionate release.

[4] These factors are:
  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) the need for the sentence imposed—
      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) [the kinds of sentences and sentencing range provided for in the USSG]
  (5) any pertinent [Sentencing Commission policy statement]
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

promote respect for the law and serve as a deterrent for criminal conduct. Accordingly, the Section 3553(a) factors weigh against granting Defendant's motion.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motion is DENIED.  Accordingly, the Clerk of the Court is respectfully directed to close ECF No. 120.

**SO ORDERED.**
Dated:    April 14, 2026
                Central Islip, New York

                                                    /s/ JMA
                                    _____
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE